536 S.E.2d 671

**STATE of South Carolina, Respondent,**

v.

**Darryl Lamont HOLMES, Appellant.**

No. 25189.

Supreme Court of South Carolina.

Heard May 9, 2000.
Decided Aug. 21, 2000.
Rehearing Denied Sept. 20, 2000.

J. Falkner Wilkes, of Meglic, Wilkes & Godwin, of Greenville, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Derrick K. McFarland, of Columbia; and Solicitor Robert M. Ariail, of Greenville, for respondent.

BURNETT, Justice:

Darryl Holmes (appellant) appeals his convictions for murder and conspiracy, asserting the trial court improperly allowed the State to introduce prejudicial hearsay evidence against him. We agree and reverse appellant's convictions.

## FACTS

Appellant was indicted for murder, conspiracy, and felony accessory before the fact for his alleged participation in the murder and attempted robbery of George Lollis. The facts of this case are fully set out in *State v. Fuller*, 337 S.C. 236, 523 S.E.2d 168 (1999). Appellant's alleged role in the crime involved driving Henry Fuller and Bernard Holmes to the victim's home, setting off the alarm at the victim's store to lure the victim out of his home, and returning to pick up Fuller and Bernard Holmes. At trial, the circuit court permitted the State to introduce hearsay statements attributed to Bernard Holmes and Henry Fuller implicating appellant in the crimes. The jury found appellant guilty of murder and conspiracy.

## ISSUES

I. Did the trial court err in admitting a non-self-inculpatory statement, collateral to a self-inculpatory statement, under Rule 804(b)(3), SCRE?

II. Did the trial court err in admitting the out-of-court confession of an accomplice pursuant to Rule 804(b)(3), SCRE?

III. Did admission of statements of unavailable accomplices violate the Confrontation Clause?

## DISCUSSION

I. Did the trial court err in admitting a non-self-inculpatory statement, collateral to a self-inculpatory statement, under Rule 804(b)(3), SCRE?

Appellant argues the trial court erred in allowing Bernard McKinney to testify as to statements made to him by Bernard Holmes. We agree.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 801(c), SCRE. Hearsay is inadmissible unless the statement is of a type specifically excepted from the rule. Rule 804(b)(3) excepts from the hearsay rule statements against interest made by an unavailable declarant,[1] *i.e.:*

A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.

Rule 804(b)(3), SCRE.

At appellant's trial, McKinney testified about planning the robbery with Bernard Holmes and appellant and his involvement in two aborted attempts to commit the crime. He also testified he was at a friend's house the night of the murder and did not participate, but that Bernard Holmes told McKinney he, Henry Fuller, and appellant committed the crime.

Prior to appellant's trial, McKinney gave identical testimony against Henry Fuller. This Court subsequently ruled the testimony inadmissible in *State v. Fuller*, 337 S.C. 236, 523 S.E.2d 168 (1999). We held a non-self-inculpatory statement, which is collateral to a self-inculpatory statement, is not admissible under Rule 804(b)(3), SCRE as a statement made by an unavailable declarant against his penal interest.

The State argues the testimony at issue here should, nevertheless, be admissible against appellant because there is other evidence corroborating the testimony. This argument misapprehends our holding in *Fuller*, where we stated "an accomplice's self-inculpatory statement combined with other independent evidence can inculpate a criminal defendant." *Id.* at 245, 523 S.E.2d at 172. However, our opinion made clear the statement must first qualify under Rule 804(b)(3). Bernard Holmes' alleged hearsay statement implicating appellant does not qualify as a statement against interest under Rule

---

1. Bernard Holmes was unavailable to testify because he was killed attempting another, unrelated burglary.

804(b)(3), regardless of the existence of evidence corroborating the statement.

II. Did the trial court err in admitting the out-of-court confession of an accomplice pursuant to Rule 804(b)(3), SCRE?

Appellant argues the trial court erred in allowing a police officer to read into evidence Henry Fuller's redacted confession.[2] We agree.

The trial court ruled those portions of Henry Fuller's confession which inculpate appellant were inadmissible under Rule 804(b)(3), SCRE. Nevertheless, he permitted a redacted version of the confession, eliminating any reference to appellant, to be read into evidence.

Non-self-inculpatory statements do not fall within the 804(b)(3) exception to the hearsay rule simply because they are "made within a broader narrative that is generally self-inculpatory."[3] *Williamson v. United States*, 512 U.S. 594, 600–01, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994); *Fuller*, at 244, 523 S.E.2d at 172. In *Fuller*, we applied Rule 804(b)(3) very narrowly to only those portions of a hearsay statement which are plainly self-inculpatory.[4]

---

2. Henry Fuller refused to testify, claiming a Fifth Amendment privilege. Although he had already been convicted of murder at the time of appellant's trial, his appeal was pending before this Court. He stated to the court that he would not testify even if ordered to under threat of contempt. Appellant does not challenge the trial court's finding of unavailability.

3. As the United States Supreme Court has noted, it is not always clear whether a statement is truly "against interest." *See Williamson v. United States*, 512 U.S. 594, 603–04, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). "Confessions" which shift blame to co-conspirators cannot reasonably be viewed as self-inculpatory.

This is such a case. Fuller repeatedly depicts himself as caught up in the crime, being led by Bernard Holmes in particular. For example, he states, "I told Bernard I didn't want anything to do with it," "I had butterflies in my stomach and Bernard kept saying, 'Come on, man, come on,'" and "I did not mean for nobody to get hurt."

4. In fact, a truly self-inculpatory statement of an accomplice would probably only be relevant if offered by the State to further a co-conspirator liability theory or by the defendant to *exculpate* himself.

Although the redacted statement did not directly refer to appellant, the State's main purpose in seeking to introduce Fuller's statement was clearly to implicate appellant by inference. Like the hearsay statements of Bernard Holmes held inadmissible in *Fuller,* Fuller's non-self-inculpatory statements made collateral to a self-inculpatory statement are inadmissible under Rule 804(b)(3).

III.  Did admission of statements of unavailable co-conspirators violate the Confrontation Clause?

■  Appellant argues admission of hearsay statements of his alleged co-conspirators violated the Confrontation Clause. We agree.

■  In all criminal prosecutions, the accused has the right "to be confronted with the witnesses against him." U.S. Const. Amend. VI; *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (applying Sixth Amendment to the States). Admission of a non-testifying accomplice's untested confession against the defendant violates the Confrontation Clause. *Lilly v. Virginia,* 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999).

*Lilly* is remarkably on point factually. Benjamin Lee Lilly, his brother Mark, and Mark's roommate Gary Wayne Barker went on a crime spree, culminating in murder. Mark and Barker gave separate statements to the police implicating Lilly. Mark refused to testify at his brother's trial, and the Commonwealth of Virginia offered his taped statements, arguing they were admissible as declarations against penal interest by an unavailable witness. The trial court admitted the tapes, Lilly was convicted, and the Supreme Court of Virginia affirmed. *Lilly,* 119 S.Ct. at 1892–93. The United States Supreme Court reversed. Although none of the four opinions in *Lilly* garnered more than a plurality, all nine Justices agreed the Confrontation Clause was violated when the untested confession of a non-testifying accomplice was admitted against the defendant.

Because of the fractured nature of the Supreme Court's *Lilly* decision, and because it is based largely on the federal hearsay rules, we decline to adopt the reasoning of the *Lilly* plurality. We simply conclude that appellant suffered a paradigmatic Confrontation Clause violation. The use of an ac-

complice's confession "creates a special, and vital, need for cross-examination." *Gray v. Maryland,* 523 U.S. 185, 194–95, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998). The opportunity to confront his accusers was denied appellant when Bernard Holmes' and Henry Fuller's hearsay statements were admitted against him.

Moreover, Fuller's statement in this case was not saved by redacting direct references to appellant. The trial court erred in permitting the redaction based on the *Bruton* line of cases. *See Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Redaction has come into play as a tool to allow admission of a co-defendant's confession *against the **confessor** in a **joint trial.*** The point of redaction is to permit the confession to be used against the non-testifying confessor, while avoiding implicating his co-defendants. *See, e.g., Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (redacted confession in joint trial), *Gray v. Maryland,* 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998) (same). Redaction may not be used as a means to avoid the strictures of the hearsay rules and the Confrontation Clause.

## CONCLUSION

The hearsay statements at issue in this case were not admissible under Rule 804(b)(3), SCRE as statements against interest. Furthermore, their admission violated appellant's right to confront the witnesses against him. Appellant's convictions are **REVERSED.**

TOAL, C.J., WALLER, J., and Acting Justice L. HENRY McKELLAR, concur.

PLEICONES, J., concurring in a separate opinion.

PLEICONES, Justice:

I concur with the majority's conclusion that appellant's convictions must be reversed, but write separately because I would analyze several of the issues differently.

In Part I, the majority concludes that the trial court erred in allowing witness McKinney to testify to statements made to

McKinney by accomplice Holmes. The admission of these hearsay statements, which implicated appellant in the crimes, violated appellant's confrontation clause rights, *Lilly v. Virginia*, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999), and were not admissible under Rule 804(b)(3), SCRE. *Williamson v. United States*, 512 U.S. 594, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994); *State v. Fuller*, 337 S.C. 236, 523 S.E.2d 168 (1999). The State's argument that accomplice Holmes' statement should nonetheless be admitted because it is corroborated by other evidence fundamentally misreads *Williamson* and *Fuller*. These opinions hold that the portion of an accomplice's hearsay statement (even a confession made to the police) which is "truly self-inculpatory" **may** be admissible under Rule 804(b)(3) if (1) the state is proceeding under a co-conspirator liability theory and (2) "the statement was sufficiently against the declarant's penal interest such "that a reasonable person in the declarant's position would not have made the statement unless believing it to be true," and this question can only be answered in light of all the surrounding circumstances." Here, the whole of accomplice Holmes' statement, not merely a "truly self-inculpatory" portion, was admitted. Accomplice Holmes' hearsay statement to witness McKinney is simply not the type of statement which **may** be admissible under Rule 804(b)(3).

In Part II of the opinion, the majority concludes that accomplice Fuller's redacted statement was inadmissible under Rule 804(b)(3). I agree, because as the majority notes in footnote 3, Fuller's statement minimized his role and shifted blame to appellant. In my view, Fuller's "arguably inculpatory statements are too closely intertwined with his self-serving declarations to be ranked as trustworthy" and consequently they cannot be deemed reliable. *Williamson, supra*, 512 U.S. at 608, 114 S.Ct. 2431 (Ginsburg, J., concurring). Thus, it too is not a "truly self-inculpatory" statement of an accomplice which **may** be admissible under Rule 804(b)(3). Further, since Fuller's redacted statement was not within any hearsay exception, its admission violated appellant's confrontation clause rights. *Lilly v. Virginia, supra*.

In Part III, the majority appears to adopt a rule that in separate trials, an accomplice's confession, even if it meets *Williamson*'s and *Fuller*'s Rule 804(b)(3) "truly self-inculpa-

tory" test, can never be admitted because to do so would violate the confrontation clause. I disagree. In my opinion, an accomplice's truly self-inculpatory confession, made under circumstances demonstrating it was sufficiently against the declarant's penal interest, **may** be admissible without running afoul of the constitution. See *Williamson* and *Fuller.* Further, other hearsay statements by an accomplice may be admissible in the defendant's trial without violating the confrontation clause because they fall within a firmly rooted hearsay exception.[1] Cf., *State v. Dennis,* 337 S.C. 275, 523 S.E.2d 173 (1999)(admission of codefendant's excited utterance that defendant shot the victim did not violate defendant's confrontation clause rights). My analysis therefore differs from that part of the majority opinion which holds that the admission of an accomplice's confession in a separate trial is a *per se* violation of the confrontation clause.

For the reasons given above, I concur in the result reached here.

---

1. For example, admission of a statement pursuant the excited utterance exception found in Rule 803(2), SCRE, does not violate the confrontation clause. *White v. Illinois,* 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992).